GUAY BROTHERS, INC. *vs.* WILFRED M. GAUVREAU.

JUNE 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Intoxicating Liquors. Evidence.*

Gen. Laws, 1923, cap. 127, sec. 2, provides that "the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey," etc.

*Held*, that where defendant sold liquor which he told the purchaser was whiskey it was unnecessary to prove that the whiskey contained one-half of one per centum or more of alcohol.

*(2) Trespass and Ejectment. Intoxicating Liquors. Leases.*

Plaintiff lessor suspecting that the demised premises were being used for the sale and keeping of intoxicating liquors by lessee requested one of its

employees to purchase from defendant a bottle of whiskey. Defendant sold to the employee liquor which he told him was whiskey.

*Held*, that without passing upon the question whether plaintiff through its agent violated the statute in obtaining the sale and was *in pari delicto* with defendant, nothing was done by plaintiff to induce defendant to keep unlawfully intoxicating liquors.

*Held*, further, that under Gen. Laws, 1923, cap. 120, sec. 4, the lease was annulled.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and overruled.

RATHBUN, J. This is an action of trespass and eject-ment which was heard in the Superior Court by a trial justice sitting with a jury. At the conclusion of the plain-tiff's case each party moved for a direction of a verdict. The trial justice granted the plaintiff's motion and the case is before us on the defendant's exceptions to the denial of his motion and to the granting of the plaintiff's motion.

The defendant holds an unexpired lease from the plaintiff of a garage the possession of which the plaintiff is seeking to recover. The plaintiff contends that the defendant has used the demised premises for the unlawful sale and keeping of intoxicating liquors and that in consequence thereof the defendant's leasehold interest is annulled as provided by § 1746, G. L. 1923.

Before this action was commenced the treasurer of the plaintiff corporation, suspecting that the demised premises were being used for the illegal sale and keeping of intoxica-ting liquors, requested one of the corporation's employees to purchase from the defendant a bottle of whiskey that it might be used as evidence. Two of the plaintiff's employees on two different occasions purchased from the defendant on said premises liquor which the defendant told them was whiskey. They afterwards drank some of it and testified at the trial that the liquor was whiskey. On each occasion they purchased for the plaintiff's treasurer a bottle of whiskey, which they afterwards delivered to him, and also, without his direction or knowledge, purchased from the defendant, on said premises, a bottle of whiskey for their

own consumption. The two employees purchased from the defendant and drank on said premises liquor which the defendant told them was whiskey. On one of these occasions they purchased on their own volition from defendant on said premises a quart of alcohol which was sold to be used for beverage purposes and afterwards used by them for such purposes.

Section 2 of Chapter 127, G. L. 1923, provides that: "the phrase 'intoxicating liquor', when used in this chapter, shall be construed to include alcohol, brandy, whiskey" etc. It was, therefore, unnecessary to prove that the whiskey or alcohol contained one-half of one per centum or more of alcohol. The plaintiff did, however, show by the testimony of the chemist who analyzed the whiskey, which was sold to the plaintiff's employees and delivered to the treasurer, that said whiskey contained by volume more than one-half of one per centum of alcohol and was fit for use for beverage purposes.

The defendant contends that the plaintiff, having through its agent, acting at the plaintiff's request, violated the statute in obtaining the sale, is *in pari delicto* with the defendant and cannot take advantage of the illegal act which the plaintiff induced the defendant to commit. Without passing upon this question it is sufficient to say that the plaintiff's employees while acting on their own volition purchased from the defendant on the premises, whiskey and other intoxicating liquors. Even although all of the purchases had been instigated by the plaintiff, nothing was done by it to induce the defendant to keep unlawfully intoxicating liquors. The garage not being defendant's private dwelling the keeping there of whiskey and alcohol or other intoxicating liquors fit for use for beverage purposes must have been unlawful, (see Section 3 of said chapter) and the fact that such liquors were sold and the delivery made from liquors in stock is evidence that the keeping was for that purpose and hence unlawful. See said Section 3.

Section 1, Chap. 120, G. L. 1923, provides that: "buildings, places or tenements used . . . for the illegal sale or keeping of intoxicating liquors . . . are declared to be common nuisances." Section 4 of said chapter provides as follows: "If any person, being a tenant or occupant under any lawful title of any building or tenement not owned by him, shall use said premises or any part thereof for any of the purposes enumerated in section one of this chapter, such use shall annul the lease or other title under which said occupant holds, and, without any act of the owner, shall cause the right of possession thereof to revert and vest in him, and said owner may make immediate entry thereon without process of law."

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*James H. Rickard, John C. Knowles,* for plaintiff.

*Elphege J. Daignault, Curtis, Matteson, Boss & Letts, Henry M. Boss, Jr.,* for defendant.